NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AYODELE AKINOLA, | No. 19-16593 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00222-HDM-WGC |
| v. | |
| DAVID SEVERNS; MIKE PREMO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Ayodele Akinola appeals from the district court's February 26, 2019 order

granting summary judgment in part, in his 42 U.S.C. § 1983 action alleging a First

Amendment retaliation claim related to his employment. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Barone v. City of Springfield*, 902

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1091, 1097 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment on Akinola's retaliation claim arising from alleged adverse employment actions, other than a written reprimand in 2015, because Akinola failed to raise a genuine dispute of material fact as to whether his protected speech was a substantial and motivating factor in any adverse employment action, or whether defendants would have taken the alleged action even absent the protected speech. *See id.* at 1098 (setting forth five-factor test for First Amendment retaliation claim); *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1260 (9th Cir. 2016) (explaining that all of the factors are necessary and failure to meet any one of them is fatal to the plaintiff's case).

**AFFIRMED.**